## WILLIAM BRYANT *v*. R. H. CRITTENDEN.

[Abstract Kentucky Law Reporter, Vol. 1—59.]

**Release from Capias.**

A motion for discharge from a capias, though irregular and informal, is sufficient to give the court jurisdiction, especially where the plaintiff attended by his counsel at the time the motion was heard and no objection was made as to such proceeding.

**Jurisdiction of a Court.**

Where a notice has been given and a judgment rendered by a court having jurisdiction, although the judgment may be premature, it is not void but merely erroneous.

APPEAL FROM JEFFERSON CIRCUIT COURT.

May 25, 1880.

OPINION BY JUDGE PRYOR:

We feel compelled to adhere to the conclusion reached in the former opinion. That the justice of the peace had jurisdiction to discharge an insolvent debtor is conceded, and the only ground relied on for a reversal is that the statute was not followed, and therefore the justice never acquired jurisdiction. The notice to the plaintiff in the execution must be regarded as a conformance with the statute.

This notice is to the effect that the appellee would move to be discharged from custody on a certain day at the office of McCarty, a justice of the peace in the city of Louisville, the office being on Preston street, near Walnut; that he is held in custody by virtue of a capias in the above styled case. An affidavit is also made that the party in custody has no property, real or personal, and no debts owing subject to the demand. This should be regarded as sufficient after trial and the discharge, and, although informal, cannot be held void. The plaintiff in the execution was notified and present by

counsel in the one case at the time it was heard. There was no objection made to the proceeding but the trial progressed resulting in the release of the prisoner from custody.

It is said, however, in the one case that the notice was insufficient, and the judgment on that account should be held void. The want of a summons or notice would render all subsequent proceedings a nullity; but where a notice has been given and a judgment rendered by a court having jurisdiction, although the judgment may be premature, it is not void but merely erroneous.

This court will presume that the two justices heard the case and determined whether the debts due Crittenden were subject to the payment of this claim. The only party to be affected by the discharge was the plaintiff in the execution, and we find no case where a judgment prematurely rendered in cases involving a mere individual liability are held void, if it also appears that the parties in interest had been notified. That the case is to be heard at the courthouse is merely directory and cannot vitiate the proceedings.

The only question of difficulty in the case is as to the identity of the judgment for which the appellee was placed in the custody of the jailer. The petition fails to state it, and also the order releasing the appellee from custody. It appears, however, that it was an execution in favor of the appellant, and the presumption in the absence of proof to the contrary must be that it is the same judgment for which the second capias issued. In fact, the proof on the motion to quash shows that it is the same debt, and the only question made in the case is as to the jurisdiction of the justices to order the release.

A judgment on a defective petition, or on a petition in which no cause of action is set forth is not void if the court had jurisdiction to hear the case, or to render a judgment similar to the one complained of. It seems to us the only question in this case is,—Had the justices the jurisdiction to discharge parties in custody by virtue of a capias, etc.? An affirmative inference settles the question, however informal the proceeding may have been, if the adverse party had notice of the proceeding.

Judgment *affirmed*.

*Alexander, Baker & Reid, for appellant.*

*G. C. Wharton, for appellee.*